UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| STATE OF OHIO, | : Case No. 1:22-cv-708 |
| Plaintiff, | : |
| vs. | : District Judge Douglas R. Cole |
| | : Magistrate Judge Stephanie K. Bowman |
| MICHAEL WATSON, | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

Defendant Michael Watson has filed a "Legal Notice of Removal" in this Court. Watson seeks to remove his pending criminal case in the Hamilton County Court of Common Pleas to this Court. By separate Order issued this date, Watson has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the notice of removal to determine whether the Court has jurisdiction over this matter. *See* 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3).

For the reasons stated below, the undersigned recommends that this matter be remanded to the state court.

### I. Background

On November 30, 2022, defendant Watson filed a notice of removal in this federal Court.[1] The documents submitted by Watson include the notice, as well as 62 pages of

---
[1] On the same date, plaintiff filed a separate notice of removal in this Court, seeking to remove Hamilton County Court of Common Pleas case number B-2002517. *See State of Ohio v. Watson*, Case No. 1:22-cv-707 (Cole, J.; Litkovitz, M.J.) (S.D. Ohio Nov. 30, 2022).

documents from Watson's Hamilton County Court of Common Pleas criminal case. Based on the documents submitted by Watson and the undersigned's review of the state court docket records in Case No. B-2105296,[2] Watson was charged with possession of and trafficking in cocaine and a fentanyl-related compound. On September 9, 2022, Watson withdrew his plea of not-guilty and entered a guilty plea to trafficking of a fentanyl-related compound. It does not appear that Watson has been sentenced.

## II. Notice of Removal

As a basis for removing his case to this Court, Watson—who describes himself as an "Aboriginal Indigenous Moorish-American"—alleges that his arrest and the state-court criminal proceedings against him are unconstitutional and unlawful. Watson bases his claims in part on his belief that Ohio Revised Code § 2925.03(A)(2) is "private policy (being classified as law)," the Hamilton County, Ohio Court of Common Pleas is a private corporation, and that he is not subject to the jurisdiction of the State of Ohio. (*See* Doc. 1-1, Notice at PageID 6-7, 11).[3] In a section of the notice of removal entitled "relief," Watson seeks enforcement of his constitutional rights, dismissal of the charges against him, and money damages against a list of governmental entities and individuals associated with the ongoing state court criminal proceedings. (*Id.* at PageID 14-15).

---

[2] Viewed at https://www.courtclerk.org/ under Case No. B-2105296. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[3] As discussed below, the notice of removal includes various other claims which were included in a nearly identical notice of removal filed in Case No. 1:22-cv-660 (DRC; SKB) (Nov. 14, 2022). Consistent with the recommendation here, it was recommended that the case be remanded to the state court. *See Ohio v. Bey*, Case No. 1:22-cv-660 (S.D. Ohio Nov. 22, 2022) (Doc. 5). On January 19, 2023, the District Court adopted the Report and Recommendation and remanded the action to the state court. *Id.* at Doc. 11.

### III. Analysis

Upon *sua sponte* review, the undersigned concludes that the attempted removal of Watson's state court criminal action is improper and the case should be summarily dismissed and remanded to the state court.

As an initial matter, the undersigned notes that the notice of removal in this case is nearly identical to the notice of removal filed in *Ohio v. Bey*, Case No. 1:22-cv-660 (Cole, J.; Bowman, M.J.) (S.D. Ohio Nov. 14, 2022). In that case, the Court determined that the state-court defendant could not transform his state criminal case into a federal civil case against the state and found no basis for federal question or diversity jurisdiction that would permit a federal action. In recommending that the case be dismissed and remanded to the state court, the Court reasoned as follows:

> As noted, the documents filed in this removal action incorporate verbiage commonly used in "sovereign citizen" cases. The Sixth Circuit has affirmed the summary dismissal of such cases and defenses in many contexts, as have other courts around the country. *See e,g., United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases and noting that Defendant's "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish Americans."); *El Bey v. Doe*, 2017 WL 3923753 (W.D.N.Y., 2017) (dismissing federal habeas corpus case based upon "Moorish claims.").
>
> A more fundamental problem, however, is the lack of any federal subject matter jurisdiction for the removal of this case. Federal courts are courts of limited jurisdiction, and may examine jurisdictional issues *sua sponte*. A challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment. *See Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) ("[L]ack of subject matter jurisdiction . . . requires the court to remand at any time prior to final judgment."); *accord* Rule 12(h)(3), Fed. R. Civ. P. "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County Government Civil Service Comm'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004)
>
> The limits of subject matter jurisdiction cannot be expanded through the improper removal of an action from state court. In order for removal jurisdiction to exist for

3

> Defendant to remove a <u>civil</u> case from state to federal court, there must have been a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Defendant is not attempting to remove a civil case, but instead is attempting to remove a criminal case, in which he is being prosecuted by the State of Ohio. Defendant cannot magically transform a state case in which he is a criminal defendant into a civil lawsuit that he is prosecuting against the State of Ohio.
>
> In addition to the lack of any authority to transform a state criminal case into a federal civil case through the act of removal, Defendant has failed to show any rational basis to support federal question or diversity jurisdiction for a civil lawsuit based upon the State of Ohio's original criminal complaint.
>
>> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.
>
> 28 U.S.C. § 1447(c).
>
> Defendant would fare no better if he is attempting to remove his state criminal case to this Court under the operable federal criminal removal statutes. "Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances." *Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D. Mich., April 16, 2021). Defendant also does not set forth any "short and plain statement of the grounds for removal" under 28 U.S.C. § 1455 or any other authority that would support removal of the Hamilton County proceeding to this Court. *See generally, Michigan v. McGrath*, 2021 WL 1178633, at *1 (W.D. Mich. March 9, 2021).
>
> In sum, whether considered as an improperly removed civil case or an improperly removed criminal case, summary remand is appropriate. *Accord Ohio v. Murrell*, Case No. 1:21-cv-388, 2021 WL 3510314, at *1 (S.D. Ohio, Aug. 10, 2021), adopted at 2021 WL 3883913 (S.D. Ohio, Aug. 31, 2021) (summarily remanding improperly removed criminal case); *Ohio v. Horton*, Case No. 1:19-cv-838-SKB-SJD, 2019 WL 5059992, at *2 (S.D. Ohio, October 9, 2019), adopted in part, remanded and dismissed without prejudice at 2019 WL 5696065 (S.D. Ohio Nov. 4, 2019) (same).

*Id.* at Doc. 5, PageID 147-50. On January 19, 2023, the District Court adopted the Report and

Recommendation, dismissed the case without prejudice and remanded the matter back to the

4

state court. *Id.* at Doc. 11 ("Put simply, Bey has identified no grounds for this case to be in federal court.").

The same conclusion is warranted in this case. Watson has similarly failed to demonstrate that this Court has subject matter or diversity jurisdiction over this action and otherwise fails to establish any other basis upon which the Court could conclude that removal of his state-court criminal case is proper. 28 U.S.C. § 1443(1) allows the removal of a criminal prosecution commenced in State court against any person who is denied or cannot enforce in the State courts a right under any law providing for the equal civil rights of citizens of the United States. However, Watson fails to allege, much less demonstrate, that his prosecution and conviction violated laws providing for "racial equality" or that he is unable to enforce his federal rights in state court. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-pronged test for removal under § 1443(1)).[4] Furthermore, to the extent that Watson may contend that removal is proper under 28 U.S.C. § 1455, he fails to set forth a "short and plain statement of the grounds for removal" and failed to file his notice of removal within thirty (30) days after his arraignment.[5] *See* 28 U.S.C. § 1455(b)(2). Absent any basis upon which to conclude that this action is properly before this federal Court, this action should be dismissed and remanded to the state court.

---

[4] To the extent that plaintiff maintains that removal is proper because he is an Aboriginal Indigenous Moorish-American, his position is unavailing. *See Texas v. Jackson*, No. 4:21-cv-421, 2022 WL 2712584, at *3 (E.D. Tex. Feb. 2, 2022) (Report and Recommendation) ("purported status as a Moorish American national have been rejected by other courts as insufficient to state a valid ground for removal under § 1443(1).") (collecting cases), *adopted* 2022 WL 2712048 (E.D. Tex. Mar. 2, 2022). *See also Bey v. Mass.*, No. 21-11505, 2022 WL 425727, at *3 (D. Mass. Feb. 9, 2022) ("although Bey argues removal is proper because he is a Moor-American National, such arguments have consistently rejected by federal courts, and this court finds Bey's argument without merit.").

[5] Watson was arraigned on October 26, 2021. (*See* Doc. 1-4 at PageID 62). He did not file the notice of removal until November 30, 2022. (*See* Doc. 1).

Accordingly, in sum, because this action was not properly removed to this Court, it is **RECOMMENDED** that this matter be dismissed and remanded to the state court.

**IT IS SO RECOMMENDED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge