UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**STATE OF OHIO,**

    **Plaintiff,**

    v.

**MICHAEL WATSON,**

    **Defendant.**

Case No. 1:22-cv-708

**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

### ORDER

Before the Court is Magistrate Judge Bowman's March 10, 2023, Report and Recommendation (R&R, Doc. 4), which recommends the Court sua sponte dismiss the case and remand to state court because the Court lacks subject matter jurisdiction over this action. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4), and accordingly **DISMISSES** the case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas.

Watson, who also apparently goes by the name Michael De'Angelo Watson Bey, is a criminal defendant in a matter pending before Hamilton County Court of Common Pleas.[1] (Doc. 3-1, #144–48). Prior to his attempted removal of this matter, he pleaded guilty to one count of trafficking in fentanyl—he has not yet been sentenced.[2] (*Id.* at #106, 108–12). Cutting through the largely incomprehensible

---

[1] The relevant state court records are judicially noticeable. *Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004).

[2] As evidenced by some documents from the state court record filed here, (Doc. 3-1, #107), Watson also pleaded guilty to a fentanyl trafficking charge in a separate criminal case pending before the Hamilton County Court of Common Pleas, which cause he also sought to

Notice of Removal, one finds that Watson intends his removal to convert his state criminal case into a federal civil case. (*See generally* Not. of Removal, Doc. 3, #90–92). When he filed his notice of removal, Watson also moved for leave to proceed in forma pauperis (IFP). (Doc. 1). Under this Court's General Order Cin. 22-02, the matter was referred to a Magistrate Judge. On March 10, 2023, the Magistrate Judge granted Watson IFP status. (Doc. 2). That same day, invoking the Court's authority under 28 U.S.C. § 1915(e) and Federal Rule of Civil Procedure 12(h)(3) to conduct a sua sponte review of the notice of removal, the Magistrate Judge issued her R&R recommending that the Court dismiss the case for lack of jurisdiction and remand it to the state court. (Doc. 4, #171, 176).

The docket text related to the R&R notified Watson that "Objections to [the] R&R [were] due by 3/24/2023." (Doc. 4). Watson failed to object within that timeframe. Normally, this failure would result in a forfeiture of his right to the Court's de novo review of the R&R as well as his right to appeal this decision. *Thomas v. Arn*, 474 U.S. 140, 152–53 (1985); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting the "fail[ure] to file an[y] objection[s] to the magistrate judge's R&R … [constitutes a] forfeiture" of such objections); 28 U.S.C. § 636(b)(1)(C). But here, the Magistrate Judge did not provide notice to Watson of the legal consequences of a failure to object. (*See* Doc. 4). As a result, the Court concludes that Watson's failure to object does not

---

remove to this Court on the same day. *Ohio v. Watson*, No. 1:22-cv-707 (Doc. 1) (S.D. Ohio Nov. 30, 2022) (Cole, J.). While materially similar to the case at bar, the Court deals with Watson's removal of that companion state criminal case in a separate order filed on the relevant docket.

constitute a forfeiture of his right to the Court's de novo review of the R&R and his notice of removal. *Mattox v. City of Forest Park*, 183 F.3d 515, 519–20 (6th Cir. 1999).

That said, after reviewing the R&R de novo, the Court concludes that the Magistrate Judge's analysis is correct. As creatures of statute, federal courts have limited subject matter jurisdiction, which means removal statutes must be strictly construed. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996). Removal therefore may not expand the scope of federal jurisdiction. *Ohio ex rel. Manuel v. Ohio Dep't of Health*, 810 F. Supp. 928, 931 (S.D. Ohio 1992). "The party seeking removal bears the burden of establishing its right thereto." *Her Majesty the Queen in Right of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989). Of course, as a question of subject matter jurisdiction, a court may review whether removal was proper and remand the case sua sponte when jurisdiction is lacking. 28 U.S.C. § 1447(c); *Page v. City of Southfield*, 45 F.3d 128, 132 n.8, 133 (6th Cir. 1995).

Simply put, Watson has identified no grounds for this case to be in federal court. As the underlying state action is criminal in nature, Watson cannot rely on removal statutes that govern removals of civil actions. 28 U.S.C. § 1441. And removal does not "magically transform the state criminal case against him into a federal civil case against the state." *Ohio v. Bey*, No. 1:22-cv-660, 2023 WL 317512, at *1 (S.D. Ohio Jan. 19, 2023).

Nor do the criminal removal statutes apply here. For starters, Watson's removal of his criminal prosecution did not comply with 28 U.S.C. § 1455. He did not file the notice of removal within "30 days [of] [his] arraignment in the State court,"

3

*id.* § 1455(b)(1), which arraignment occurred on October 26, 2021, (Doc. 3-1, #143). Nor did his notice of removal provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1455(a). Nor does Watson identify any "right [he is] allegedly denied … [that] arises under a federal law 'providing for specific civil rights stated in terms of racial equality'" or that such a right will be denied by the state courts, which are preconditions to removal under 28 U.S.C. § 1443(1). *Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). And Watson does not explain how his prosecution relates to actions he took "under color of authority"—Watson claims no such position of power—which would be necessary for his removal of the prosecution to be proper under 28 U.S.C. § 1443(2). Similarly, Watson does not claim to be a federal officer or member of the armed forces such that he can seek refuge under the criminal removal authority set out in 28 U.S.C. §§ 1442–42a.

Rather, his notice of removal is rife with the "meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-proclaimed Moorish-Americans," *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017), which rhetoric fails to support a legitimate basis for removal. *Bey v. Massachusetts*, No. 21-11505, 2022 WL 425727, at *3 (D. Mass. Feb. 9, 2022) (collecting cases rejecting these arguments as bases for the removal of state criminal prosecutions). Simply, the failure to identify any valid basis for this Court to exercise federal subject matter jurisdiction over his state criminal prosecution means summary remand is warranted. 28 U.S.C. § 1455(b)(4); *accord* Fed. R. Civ. P. 12(h)(3).

Finally, because Watson is proceeding IFP, the Court must assess, pursuant to 28 U.S.C. § 1915(a)(3), whether an appeal taken from this Order would be "in good faith." Because Watson's fanciful rhetoric cites no legitimate grounds for why this case is properly in federal court, "any appeal of this decision would not have an arguable basis either in law or in fact." *Johnson v. DeWine*, No. 22-cv-587, 2023 WL 6421286, at *3 (S.D. Ohio Oct. 3, 2023) (cleaned up). The Court therefore certifies that any appeal taken from this decision IFP would not be in good faith.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 4) and **DISMISSES** this case **WITHOUT PREJUDICE** and **REMANDS** the matter to the Hamilton County, Ohio, Court of Common Pleas. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith, and **DENIES** Watson leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**SO ORDERED.**

October 18, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5